Are you ready to proceed? Yes, I am. Then let's begin. Thank you, Your Honor. May it please the Court. Superior Industries appellant here today appeals from the District Court's construction of various claim terms that relate to two distinct families of patents that are directed to relatively straightforward mechanical inventions. So I'm not going to go into any detail of the workings of these inventions. It's fully laid out in our briefs. Superior maintains that the... Counsel, let me ask you, just as a preliminary question, make sure that at least I'm on the same page. I'm looking at your plaintiff's memorandum in support of your motion for summary judgment. And you say in the background part, this is on page 2, I don't have available the... But I'll get here soon the appendix number. But it says that after issuance of the 482 pen, Masaba has made and sold only a fifth version of the truck loader, totally eliminated the frame structure under the folding ramps between the drive-on ramp and the main frame. So am I to understand that the accused pen doesn't have the frame structure under the folding ramps? It depends, Your Honor, there's multiple versions of truck and loaders that the defendant has made. So some have some sort of structure, some have less structure. I thought they stopped having a support structure for E and F, the models. That may be correct. In some later versions, they ceased having the... There's a hydraulic lift that sort of props it up, but then there's no structure underneath that. There is some structure at the end, but there's no side frame structure. But the structure just hooks up to the steel plate. That's correct. That's correct. But that framing structure, anyhow, did change. I don't know whether you're familiar with our precedent called Jang against Boston Scientific. It's a case like this one in which a whole number of claim terms were served up on appeal for construction. And it was unclear to the panel which of the claim terms were actually necessary to decide to sustain the non-infringement. Because like here, in that case, the district court hadn't given us an opinion that explained to us why there would be not infringement under the claim constructions rendered by the district judge, but there would be infringement under the claim construction proposed by you. For example, if you take the undercarriage patents, what you're dealing there is a channel beam. And the assertion by your adversary in its motion for summary judgment is, we don't have a channel beam. We don't have one, period. And so it doesn't make any difference whether it has three sides or four sides. We don't have one. I don't think that's quite right, Your Honor. They do have a channel beam. We don't have any way of knowing. You've given us no context whatsoever. Their assertion is that they don't have a channel beam. It's written in the piece of paper that they submitted to Judge Frank. And so what I'm asking is, well, why should we be troubling ourselves with whether there are three sides or four sides when we aren't even sure that it makes a difference? And the same thing is true with regard to the structure to which Judge Rayner just referred to a moment ago, which is your support frame. And if they've got a device that doesn't have a support frame, who cares whether it's holding up earth or not? Who cares what it's doing? Because an exist pod doesn't have it. So can you tell us, I mean, for example, which of these terms are absolutely necessary for us to construe in order to sustain your point of view, which is that there would be infringement if we were on your side? I believe the reason that these terms are before this court for reconsideration on claim construction is because they are all relevant to at least one alleged infringing device. The devices have changed over time. In some cases, the later versions, in the case of the truck unloaders, where they eliminated that support frame, they're not relevant. They are relevant to the earlier versions. Right, but they've never used an earthen ramp. That's correct, and that's another point of contention in the claim construction. So why does it matter in viewing the court's claim construction? Why are we so focused on the earthen ramp when it's really not at issue, is it? Well, we don't believe it is to be an issue. We believe, Your Honor, that the proper construction of these claim terms, that the earthen ramp is not a positively recited feature of the claims. What's recited there is the requirement. Excuse me. It's irrelevant relative to the accused patents. How the frame structure is configured is relevant in the definition of how that. But a lot of your argument is based on this notion of the earthen ramp. And it seems to me that the accused apparatuses don't use an earthen ramp. That's right. So why are we arguing about that today? Why is that relevant? I think it's relevant because that's a position that the defendants have taken to try to impute an earthen ramp as a requirement of the claims, and we don't believe it is. And so the fact that they have or do not have an earthen ramp. 15 of the 529 does recite an earthen ramp, doesn't it? It's there in a sense of describing an environment that the in-frame member has to be configured to deal with. So it's only there to give context of what the in-frame member structure has to be. It's configured to hold back an earthen ramp, but it's not requiring in the first instance that an earthen ramp is present for infringement to be determined. But there has to be an in-frame member in that sense that is capable of at least dealing with an earthen ramp if it's there. So we don't contend it's part of the claims at all. And yet defendants have tried to impute or insert, and successfully have done so with the district court, that the earthen ramp is a required element of the claims, and we don't believe it is. This is so even though the purpose of the invention was to find a way to have the use of an earthen ramp with less earth than had been used before. That was one aspect, Your Honor. That was one beneficial aspect, yes. You don't want to be limited to an earthen ramp. You want to have the ability in the future, I guess, to use a metal ramp or something else, but you don't claim a metal ramp. We don't claim a metal ramp, and we don't claim an earthen ramp. And the 943 patent, which is the parent of the 529 patent, speaks specifically about an earthen ramp. Again, I believe that the earthen ramp is there. Configured to support the end of an earthen ramp. Right, configured to support an earthen ramp, but the earthen ramp isn't required. It's designed, configured. That's right. Reinterpret that to mean that it's designed to support an earthen ramp. It has a structure which makes it capable of holding back earthen material. A structure that is capable of holding back earthen material is likely also capable of holding back other material.  If the 943 patent is configured to support earthen material, then why is it that in the 529 patent, when the district court uses a barrier for supporting an earthen ramp, why is that erroneous? It's because, in one sense, it is specifically designed or required for that purpose, and we don't believe that that end purpose is the goal. The goal is, what does the structure look like? The frame member of the models that are now being sold are not designed to configure to support an earthen ramp, correct? Basically, there were three models, A, B, and C. I was able to get, by going back to the district court, the copies of the various models. A, B, and C, there was only one model per model made. A was sold in 1909. And then when they get down to D and E, which are the models, D there was only one, and then E is the model that I think they're now offering for sale. And E has got no structure in the frame at all for holding up earthen ramp. It doesn't have the complete support. Well, no, if you look at it, there's a little hook on the end of the metal ramp that slides down into a slot that comes down from the piece that lifts up and goes down. We don't dispute that it was changed to avoid the side. Basically, it was a U-shaped frame as it started out. Would you concede that there's no doctrine of equivalence issue here, as I understand it? It was never planned. Not with the elimination of the side frame. So if the frame member of what I'll call the model Fs now, there are only three models other than that, one, two, three, which would be limited damages, I would think. So that frame, they do not have any structure for supporting earth in F. So it can't be in principle, right? That's correct. And so the pads aren't assertive. Again, we have assertive pads against specific models. The drawing that shows how it hooks, this is the piece that lifts up, slides down into a little dot right here, and you simply have a straight piece. So all the limitations that have to do with the support structure seem to me to be totally irrelevant to model F. I wouldn't be worrying myself with construing those terms, which is difficult. Right. They're there because of the earlier embodiment that has those features. Well, there are three models that have been sold, one, two, three. And you believe those models had some support for earth? Yeah, well, they had a structure that would be capable of supporting earth. It would have been so helpful to me if the district court opinion had gone through basically five models, A, B, C, D, and then E, and explained to me why it's important for us to interpret these various claims for infringement purposes with regard to each of the models. Your Honor, I think to be clear, this is not just about the models in question, because obviously if there's not a proper claim construction, there would be nothing from preventing... But how do you get a proper claim construction without context? You give us no context, how can we construe meaning? I think there's never a requirement that the context includes the alleged infringement device. There's absolutely a requirement that you give us enough context to construe. And we have said over and over in our opinions that there's great value in at least showing enough so we know that we're not giving advisory opinions, which is questionable under Article III practice. All I can say is, Your Honor, is to try... You don't construe it in light of the accused device, because there could be validity issues. Are there validity issues in this case? Well, validity has sort of been raised as a defense. They've been parked. Okay. I mean, for example, in the case that I was signing to Jiang against Boston Scientific, the court said, well, in this setting where there are lots of claim limitations and it's difficult. I mean, for example, it's not an easy question in my mind to decide here whether or not the earth and stuff is necessarily included. So what we said in Jiang was there are two problems. One is we might be giving an advisory opinion on a claim limitation that we don't have to, which is something courts aren't supposed to do. And secondly, in the words of that opinion, from the stipulated judgment, it's impossible for us to be able to see. There's no context being given. The stipulated provides no factual context for the claim construction issues presented by the party. I think that's what the chief judge was referring to. Would you like to save your rebuttal time? Thank you, Your Honor. Thank you. Good morning. May it please the court. Tim Shattuck on behalf of Masaba, Inc. How can these claim constructions possibly be correct when they miss one of the first points I make in any patent law class, which is that when you have a product or structure claim, you get it for all uses, for all functions, for all intended purposes. And yet this structure, whether it's a sea channel or a ramp, the district court goes on to add, for supporting an earthen ramp or to substantially surround, lists a purpose and a reason for the structure, which is exactly opposite to the fundamental principle that a structural claim gets all uses and functions and purposes. Your response? Yes, Your Honor. With respect to the channel beam, for instance, I'll take that one first. No, just address the principle. Can it possibly be correct to include function, purpose, intended uses when any patent lawyer, and I'm sure our esteemed counsel in front of us would agree, know that you get all uses and purposes of a structure? Well, in this case, the specifications define the purpose of the structure. It's not the purpose, but it's how it's configured. For instance, the channel beam. So you can define that configuration. You can't limit it to a purpose, to substantially this, for substantially that. Because the patents specifically say that it's configured to substantially surround all four sides of the respective beam it's engaged with. But that doesn't limit you to a purpose. Correct. That's what they read. They read in a purpose that it has to accommodate an earthen ramp. Okay, moving back. If you look at the unloader patents, certainly are all directed to dealing with the earthen ramp. Right. But I think I understood your argument on the channel beam to be that the channel beam, because the patentee chose, and I think as the parties agreed and as the district court said and the law says, we're supposed to construe this channel beam evenly across the two patents. Correct, Your Honor. And in one of the patents they say substantially surround the beam in order to have a slot. And so you say to yourself, oh my goodness, substantially surround. Is that a term of art that one knows? What do they mean by substantially surround? So you say I've got to find a definition. That's the way I understood your argument was that in distinction between the unloader patents and the other patent. There's two things with the channel beam. Both patents say in multiple places that it is configured to substantially surround all four sides of the beam. And that's claim language. That's not spec stuff. That's in the claim. In some claims it's there. It's in one of the claims. Right, it's in one of the claims. And it's in the spec too. And also it talks about how there has to be a point. If it's not in other claims, does that give you a problem? Not if it's construed as it's been construed in light of the specification. How do you deal then with the claim differentiation arguments? Looking at the sheets, the C-shaped limitation, for instance. We have a claim differentiation problem because claims five and six do discuss fourth and fifth walls. Because claim one, all it requires is that the channel beam have three sides. It's comprised of three sides. The two top and bottom being parallel, it doesn't say anything. Does claim one say three sides? It says comprised of sides one, two, and three. Which could be... Doesn't preclude a fourth side. Doesn't preclude a fourth side, yes. And then the fourth and fifth walls are discussed in claims five and six. How do you deal with that? So one, claim one, you could have this configuration as depicted here. You could also have a separate configuration where you just have the slot coming up with the bottom. Or you could have a third configuration where it comes down from the top to create the slot. Five says you have this particular configuration with just the fourth wall coming down from the top. Six says you have both the top and the bottom slot. So one doesn't say... I'm trying to figure out how you limit the broader independent claim to only... to how you construe that in light of the specific limitations in the dependent claims, which includes other walls. Don't follow the question, Your Honor. I'm sorry. Claim differentiation. When you have a dependent claim that lists additional limitations, you perceive that they are not part of the independent claim, which does not include those limitations. Otherwise, it wouldn't be a dependent claim in the first place. In claim one, there are no limitations as to how the fourth wall is configured. It can be configured in a number of different ways. Right. Like I said, it could be configured with it just coming down from the top. You could have the top and the bottom four sides. The fourth and the fifth side are usually at the bottom. And claims five and six specifically say how it is configured. Right. This is claim five. This is claim six. Where claim one is this. Claim one covers all ways in which to have a fourth wall. You can have this coming at it. It's in your red brief. And then also on the channel beams, there's the argument where in the abstract, in the summary of invention, it says there has to be a perimeter wall. There has to be a perimeter wall with a slot at it adjacent to the facing surface of the beam of the first section. If you don't have a perimeter wall adjacent to the facing surface of the first section with a slot in it, you have to have a partial fourth side. Because otherwise you wouldn't have this perimeter wall, which the patent says both in the summary of invention and in the abstract, is part of the present invention, the overall invention. So that's why we believe it doesn't say the purpose of anything, Your Honor. So what's sort of interesting to me is that you're showing that particular drawing. That drawing reads on claim six. Because it's got five sides. One, two, three, four, five, right? And so all of the drawings that are in the patent show one with a slot being formed by a lip on both sides, right? Correct, Your Honor. So it's sort of interesting to me that if you say your preferred embodiment becomes a preferred embodiment for a dependent claim. That is interesting. Well, what am I supposed to do with it? I mean, besides being interested. It's the first time I've seen that happen. This drawing is a photograph of the device manufactured by Superior. You're right. This is a preferred embodiment that's taken exactly from a photograph of Superior's device. Should I move to the unloader? If you... Here's how I would... Well, what's your take on the discussion that substantially occupied the appellant's argument time, which was, what are we supposed to do with this? I mean, are you really going to stand here and tell me that your product has no channel beam? Yes. Well, if it has no channel beam, then why do I care whether it has three sides or four sides? Well, Your Honor, we made our motion for summary judgment making that argument that we didn't have any infringement. And one of the reasons we made it... I mean, I don't want to go back down. I'd like to get it all resolved here. But it was our position in the district court, and that's why we filed a motion for summary judgment, that we needed to get context into the appeal and explain, at least in light of... Your summary judgment motion papers purport to supply some type of context by talking about the accused's structure to the patent and whatnot. Right. But with all due respect, I don't know whether you're telling the truth or not. I mean, that's what a U.S. district court judge is for down below when he hears your arguments, and then he decides, you know, he either accepts your framing of the context or he rejects it. I think as it was postured, though, the judge had construed the claims, and once he construed the claims, if he would have analyzed it, he would have, as Superior did, just found that there was no infringement. He probably wouldn't have gone to the next step and said, well, even if Superior's right... Because he's convinced that earth and ramp is required throughout. But if one followed the suggestion from the chief judge that we reject that, then the patentee's back in play, right? Right. On the unloader patents, which I think you do draw a sharp distinction between the unloader patents and the patents that deal with the extending arm, right? It's our view, Honor, that if you read all of the unloader patents in their entirety, that what Superior invented and is based on is that with respect to the invention, there is this ramp, and then there's the support frame. Now, we don't claim that the earth and ramp is part of all the claims. What our claims say, based on what the patent has made clear, or what our position is, based on what the patent has made clear, is that the support frame is there to support the earth and ramp. And it says that twice in the patent, that the primary function of the support frame is to serve as a barrier for supporting an earth and ramp. Well, if necessary. If necessary. As the chief judge was saying, well, so you figure out a way to do it without an earth and ramp. The structure would be there to support an earth and ramp if you wanted to have one. So, I mean, it seems to me that you have some real vulnerability on the way the district court looked at the undercarriage patents as requiring this presence on the earth and ramp. They said the drive-on ramp has to be earthen, for example. He did say that, that the drive-on ramp is earthen ramp, because that's what the invention was. This structure was only invented, or part of the invention, was to support an earthen ramp. There's no, that's the principal purpose. So, we wouldn't have this, for instance, none of our, it's our position, that none of our models, A through E, have a support structure, or a support frame. There are, the earlier ones had a couple of alignment tubes, but they were not there to support an earthen ramp. They were not there to do anything other than to keep things in alignment. We've never had an earthen ramp, so why would we have a support frame whose primary purpose is to support an earthen ramp? What Superior, we have, all of our models have a steel ramp. We do not use an earthen ramp. I understand that. Superior has argued that these alignment tubes that run under some of the earlier models could be a support frame. So, we've tried to avoid that argument. We think we would ultimately prevail on it, but... Well, your model F doesn't, the part that's pictured blue down there, your model F doesn't have anything remotely approximating that. Well, yeah, none of our, yeah, correct. Well, your earlier models do have a structure upon which the declining ramp sits. It doesn't rest on it or support it. There are some tubes under some of them that kept with, they thought it was maybe necessary to keep everything in alignment. That's right. With the steel ramp. It's not there to support earth. Not there to support earth, and it's not there to support the pivoting ramp either. Our pivoting ramp... But we don't, how do we, we don't, how do we know that? Let me return to another point that my colleague, Judge Clevenger, made earlier. Is there anything in the record that supports your allegation that there's no channel, that you don't have a channel beam? Was that fact-finding conducted below? There... Anything in the record? Show us where in the record you don't have a channel beam. We have provided the court with the motion for summary judgment papers and our client's affidavit that have pictures of our accused device and drawings. And what you can see from that, your honor, is that we used tubes on behalf of... We have to see it. Was there fact-finding made? Not by the district court. How can we review a decision that wasn't made? Because the judge construed the claims as he thought correct, and then he made a... Then we moved the court for summary judgment based on that for a specific finding that we did not infringe any of the claims as properly construed by Chief Judge Frank, or by Judge Frank. And Superior then filed its own motion of non-infringement. To move from that point, you're showing us a lot of things by pointing to visual aids. Where is all that information in the record? And you're just going to say, well, you have to see it yourself on the patent figures and the other information you've asserted? But it's not my position. It's not my obligation to show that our device infringes. It's plaintiff's obligation to show that. Your obligation is to show that we don't infringe. Right. He's trying to show you do infringe. Your obligation is to say, well, Your Honor, here's the reason why we don't infringe on your claim construction. And we're the ones who put in the record what's there that shows we don't infringe. But what we need is the claim construction. That's where we're having trouble. The claim construction that we have is mostly in functional terms. And those functional terms, besides being irrelevant, are not in the claim. And I'm having great trouble reading structure out of the function. I think it's – they're structural, Your Honor. I mean, the channel being – How do I know what is a barrier that supports an earthen ramp? What does that mean? If it's – the evidence shows that – Is that an inclined barrier? Is it a concave barrier, convex? Is it a sloping? Is it an inverted? It doesn't depend on what kind of earthen barrier you have. If your earthen barrier is only two inches, three inches tall, it'll take a different kind of structure to hold it back. It has to be true, but it has to be taller than that. Is supporting the same as holding it back? Well, the patents talk about that the purpose is to keep it in shape. Purpose. Again, we're looking for structure, not purposes. They get all purposes. But, well, in this case, they've specified in the patent disclose that it says the purpose is to serve as a barrier for supporting an earthen ramp. And we don't read those things out of the specification into the claims, particularly when it's a structural patent. Let's hear from your colleague. Thank you, Your Honor. Your Honor, we wouldn't be here today if we thought that a channel beam construed as we proposed didn't cover their Masada's devices, all of them, all of the undercarriage devices, that issue. We wouldn't be here today. It wouldn't be an issue. I'm not going to waste the court's time. I'm not going to waste my client's resources on appealing a claim term that, if it's reversed, puts us in a position where there's nothing to assert. We believe that the claim term for channel beam properly construed does cover what the defendants make. So there's a dispute. I understand this. But you're saying the channel beam has three sides, right? That's correct, Your Honor. What I wanted to say about these claims is that these are relatively simple terms. Why is it that their tube structure has three sides? It looked to me like what they were doing is, if you think of a ladder and then sliding a ladder up inside, it looks to me like what they were doing is simply taking the base ladder, which has two sides or wider, and taking the ladder, they push up and pushing it inside and just sliding it up. They weren't sliding it in a channel. They were just sliding it up. The version that defendants have spent most of their time showing to the court today, it characterizes a preferred embodiment. It's actually an embodiment. It's not the preferred embodiment. It's one embodiment. And this court has said, you're not limited in your language just because you have a single embodiment that's disclosed. So there's no prerequisite here that we narrow our claims to only cover one embodiment. The claims, in fact, if you look at them, these simple- But their point is that their beam doesn't have three sides. It's four sides. It's a piece of uniform, like a rectangle on each side, and it just slides up. And it's not using it. It doesn't have a problem of having a notch to allow the supports to come through it because their notches are laid on top. They're just ports. The patents that issue don't talk about a notch. They refer to notch and opening as the same because- One of the claims, the claim requires a slot. Slot and opening, we believe, are synonymous. The claim language has to be viewed in the context of a specification that says, that opening can be any size it needs to be to accommodate the cross-bracing that is placed on the upper support beams. So one embodiment is disclosed with a narrower cross-support. The slot wasn't construed, correct? The slot was construed, Your Honor. It was construed in the context of a fourth partial sidewall being attached to this C-shaped- Because you wouldn't have a slot if you didn't have a fourth wall. You would have a slot or an opening in the channel. We believe those are synonymous. Again, the claim language talks in terms, not in every case, of slot. They would talk about elongate opening. We believe these are simple structures. The context of the claims that defines two C-shaped channel beams with openings that face one another, comprise the first, second, and third sidewalls, and then particularly- Do you have a final thought for us here? Just that, Your Honor, that there's been no clear redefinition of any of these terms in the specification. The claims on their face have plenty of context to understand these claim terms. The Thorner requirement that there be a clear and explicit disclaimer or a clear and explicit redefinition has nowhere been found by the lower district court or urged by opposing counsel.  Thank you.